# Exhibit

# "A"

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03864-S5**
**7/14/2022 3:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| HELBERTH S. QUIMBAYO, | |
| Plaintiff, | |
| v. | CIVIL ACTION  22-C-03864-S5 |
| | FILE NO.: _____ |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and TYRONE B. HULL, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, HELBERTH S. QUIMBAYO, Plaintiff, by and through his undersigned counsel and files this complaint against Defendants Swift Transportation Co. of Arizona, LLC ("Swift") and Tyrone B. Hull ("Mr. Hull") as follows:

PARTIES AND JURISDICTION

1.

Plaintiff is an adult citizen of the United States residing in Lawrenceville, Gwinnett County, Georgia, subject to the jurisdiction of this court.

2.

Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is a foreign corporation authorized to transact business in the State of Georgia, that may be served through its registered agent, The Corporation Company (FL), 106 Colony Park Dr, Suite 800-B, Cumming, Forsyth County, GA, 30040-2794.

1

3.

Defendant Swift is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-91, 40-12-1 et seq., and § 14-2-510(c).

4.

Defendant Tyrone B. Hull is and was at the time of the incident underlying this Complaint a nonresident of the State of Georgia who may be served through the Georgia Secretary of State under the Noresident Motorist Act with a copy of the complaint sent to his residence at 2841 Bellhaven Circle, Charlotte, North Carolina 28214.

5.

Defendant Hull may also be served under the Georgia Long Arm Statute pursuant to, and as provided in, O.C.G.A. § 9-10-94.

6.

Defendant Hull is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-91 and 40-12-1 et seq.,

7.

Venue is proper in this court as to Defendants Swift and Hull pursuant to O.C.G.A. § 40-12-3 as they were nonresidents of the State of Georgia at the time of the incident at issue.

BACKGROUND

8.

On or about June 30, 2020, Plaintiff was seated in the drivers seat of his 2001

Freightliner Tractor which was stationary having parked after backing into the loading docks at 704 Joe Tamplin Industrial Boulevard in Macon, Bibb County, Georgia.

9.

On or about June 30, 2020, Defendant Hull on behalf of Defendant Swift was operating his 2019 Volvo tractor-trailer negligently, recklessly and improperly while backing into the loading docks at 704 Joe Tamplin Industrial Boulevard in Macon, Bibb County, Georgia.

10.

Defendant Hull slammed into the drivers side of Plaintiff's tractor with the left rear of the intermodal container trailer he was towing with significant force damaging Plaintiff's vehicle.

11.

Plaintiff sustained severe injuries which required medical care and treatment.

12.

As a result of the collision, Plaintiff suffered severe and permanent injuries with medical bills in excess of $460,359.80.

COUNT I - NEGLIGENCE

13.

At the time of the collision at issue, Defendant Hull was negligently and recklessly operating his Volvo tractor-trailer.

14.

Defendant Hull while operating his Volvo tractor-trailer was negligent and

3

reckless in failing to keep a proper look out for other vehicles.

15.

Defendant Hull while operating his Volvo tractor-trailer was negligent and reckless in not backing such vehicle unless such movement can be made with safety in violation of O.C.G.A. § 40-6-240 which is negligence per se.

16.

Defendant Hull was negligent and reckless in striking Plaintiff's vehicle.

17.

Defendant Hull's negligent and reckless conduct is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

COUNT II - IMPUTED LIABILITY

18.

At the time of the subject collision, Defendant Hull was under dispatch for Defendant Swift.

19.

At the time of the subject collision, Defendant Hull was operating his vehicle on behalf of Defendant Swift.

20.

Defendant Swift is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Hull in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

4

COUNT III - NEGLIGENT IIRING, TRAINING & SUPERVISION

21.

Defendant Swift was negligent in hiring Defendant Hull and entrusting him to drive its tractor-trailer.

22.

Defendant Swift was negligent in failing to properly train Defendant Hull.

23.

Defendant Swift was negligent in failing to properly supervise Defendant Hull.

24.

Defendant Swift's negligence in hiring Defendant Hull and entrusting him with driving a tractor-trailer commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

COUNT IV - DAMAGES

25.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

26.

As a result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries and has a claim for his past and future pain and suffering.

## COUNT V - PUNITIVE DAMAGES

27.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

WIEREFORE, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.      That Plaintiff recover his past and future medical expenses and lost wages in an amount to be proven at trial;

b.      That Plaintiff recover for his past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.      That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.      That Plaintiff recover such other and further relief as is just and proper.

_/s/ Kendrick K. McWilliams, Sr._____
KENDRICK K. MCWILLIAMS, SR.
Georgia State Bar No. 140983
Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com

6

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03864-S**
7/14/2022 3:53 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Quimbayo, Helberth**
_____

_____

_____

CIVIL ACTION  22-C-03864-S5<br>NUMBER:_____

PLAINTIFF

VS.

**Swift Transportation Co. of Arizona, LLC**
_____

**c/o  The Corporation Company (FL)**
_____

**106 Colony Park Dr, Suite 800-B**
_____

**Cumming, GA, 30040-2794**                DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kendrick K. McWilliams, Esq.
Hagen Rosskopf, LLC
119 N. McDonough St
Decatur, Georgia 30030-3300
~~(404)751-0001~~

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
                        15th day of July, 2022

Tiana P. Garner<br>Clerk of State Court

By_____
                **Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-03864-S5
7/14/2022 3:53 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Quimbayo, Helberth

_____

_____

PLAINTIFF

VS.

Tyrone B. Hull

2841 Bellhaven Circle

Charlotte, North Carolina 28214-7107

DEFENDANT

CIVIL ACTION
NUMBER: 22-C-03864-S5 _____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kendrick K. McWilliams, Esq.
Hagen Rosskopf, LLC
119 N. McDonough St
Decatur, Georgia 30030-3300

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

15th day of July, 2022

Tiana P. Garner
Clerk of State Court

_Carol C Litland_
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/19/2022
CT Log Number 541946341

## Service of Process Transmittal Summary

**TO:**   ARACELI DELEON
Swift Transportation Services, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

**RE:**   **Process Served in Georgia**

**FOR:**   Swift Transportation Co. of Arizona, LLC  (Domestic State: AZ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HELBERTH S. QUIMBAYO // To: Swift Transportation Co. of Arizona, LLC |
| **CASE #:** | 22C03864S5 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/19/2022 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  ARACELI DELEON  Araceli_Deleon@swifttrans.com |
| | Email Notification,  Anne Rowell  anne_rowell@swifttrans.com |
| | Email Notification,  Jenelle Terwilliger  jenelle.terwilliger@mohaveinsco.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>888-579-0286<br>AffiliateTeam@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| — | By Process Server on 07/18/2022 | ARACELI DELEON<br>Swift Transportation<br>Services, LLC | 541935838 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

DAN PRUITT
404-468-3790
HAGEN ROSSKOPF, LLC
119 N. MCDONOUGH ST
DECATUR  GA 30030

**0.5 LBS LTR**          **1 OF 1**

SHIP TO:
C/O THE CORPORATION COMPANY (FL)
SWIFT TRANSPORTATION CO. OF ARIZONA
SUITE 800-B
106 COLONY PARK DRIVE
**CUMMING  GA  30040**

 

**GA 301 9-01**

# UPS NEXT DAY AIR          1

TRACKING #: 1Z 4Y1 V73 A2 0918 3028



BILLING: P/P
ADULT SIGNATURE REQUIRED-MIN 21

Reference #1: Quimbayo v Swift, et al



XOL 22.07.07      NV45 29.0A 07/2022*

1/1

# Hagen Rosskopf, LLC

Attorneys at Law
119 North McDonough Street
Decatur, Georgia 30030-3300
www.Hagen-Law.com

(404) 522-7553
(404) 751-0281 direct

(404) 522-7744 fax
Kendrick@hagen-law.com

July 15, 2022

*VIA STATUTORY OVERNIGHT DELIVERY – SIGNATURE REQUESTED*

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
C/O THE CORPORATION COMPANY (FL)
106 COLONY PARK DR, SUITE 800-B
CUMMING, FORSYTH COUNTY, GA, 30040-2794.

RE:   Quimbayo v. Swift Transportation Co. of Arizona, LLC, et al.
Civil Action File No. 22-C-03864-S5
<u>In the State Court of Gwinnett County, Georgia</u>

To whom it may concern,

Pursuant to Georgia's Non-Resident Motorist Statute, you are being served with a copy of the summons, complaint, and Plaintiffs' First Interrogatories and Request for Production of Documents to Defendant in the above-referenced matter.

Sincerely,

Kendrick K. McWilliams, Sr.

KKM/

enclosure(s)

## IN THE STATE COURT OF GWINNETT COUNTY

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03864-S5**
**7/14/2022 3:53 PM**
TIANA P. GARNER, CLERK

## STATE OF GEORGIA

Quimbayo, Helberth

CIVIL ACTION   22-C-03864-S5
NUMBER:_____

PLAINTIFF

VS.

Swift Transportation Co. of Arizona, LLC

c/o   The Corporation Company (FL)

106 Colony Park Dr, Suite 800-B

Cumming, GA, 30040-2794
                        DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kendrick K. McWilliams, Esq.
Hagen Rosskopf, LLC
119 N. McDonough St
Decatur, Georgia 30030-3300

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
            15th day of July, 2022

Tiana P. Garner
Clerk of State Court

By_____
            Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03864-S5**
**7/14/2022 3:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

        Defendants.

CIVIL ACTION  22-C-03864-S5
FILE NO.: _____

<u>**JURY TRIAL DEMANDED**</u>

## <u>COMPLAINT</u>

COMES NOW, HELBERTH S. QUIMBAYO, Plaintiff, by and through his undersigned counsel and files this complaint against Defendants Swift Transportation Co. of Arizona, LLC ("Swift") and Tyrone B. Hull ("Mr. Hull") as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is an adult citizen of the United States residing in Lawrenceville, Gwinnett County, Georgia, subject to the jurisdiction of this court.

2.

Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is a foreign corporation authorized to transact business in the State of Georgia, that may be served through its registered agent, The Corporation Company (FL),  106 Colony Park Dr, Suite 800-B, Cumming, Forsyth County, GA, 30040-2794.

1

3.

Defendant Swift is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-91, 40-12-1 et seq., and § 14-2-510(c).

4.

Defendant Tyrone B. Hull is and was at the time of the incident underlying this Complaint a nonresident of the State of Georgia who may be served through the Georgia Secretary of State under the Noresident Motorist Act with a copy of the complaint sent to his residence at 2841 Bellhaven Circle, Charlotte, North Carolina 28214.

5.

Defendant Hull may also be served under the Georgia Long Arm Statute pursuant to, and as provided in, O.C.G.A. § 9-10-94.

6.

Defendant Hull is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-91 and 40-12-1 et seq.,

7.

Venue is proper in this court as to Defendants Swift and Hull pursuant to O.C.G.A. § 40-12-3 as they were nonresidents of the State of Georgia at the time of the incident at issue.

BACKGROUND

8.

On or about June 30, 2020, Plaintiff was seated in the drivers seat of his 2001

2

Freightliner Tractor which was stationary having parked after backing into the loading docks at 704 Joe Tamplin Industrial Boulevard in Macon, Bibb County, Georgia.

9.

On or about June 30, 2020, Defendant Hull on behalf of Defendant Swift was operating his 2019 Volvo tractor-trailer negligently, recklessly and improperly while backing into the loading docks at 704 Joe Tamplin Industrial Boulevard in Macon, Bibb County, Georgia.

10.

Defendant Hull slammed into the drivers side of Plaintiff's tractor with the left rear of the intermodal container trailer he was towing with significant force damaging Plaintiff's vehicle.

11.

Plaintiff sustained severe injuries which required medical care and treatment.

12.

As a result of the collision, Plaintiff suffered severe and permanent injuries with medical bills in excess of $460,359.80.

COUNT I - NEGLIGENCE

13.

At the time of the collision at issue, Defendant Hull was negligently and recklessly operating his Volvo tractor-trailer.

14.

Defendant Hull while operating his Volvo tractor-trailer was negligent and

3

reckless in failing to keep a proper look out for other vehicles.

15.

Defendant Hull while operating his Volvo tractor-trailer was negligent and reckless in not backing such vehicle unless such movement can be made with safety in violation of O.C.G.A. § 40-6-240 which is negligence per se.

16.

Defendant Hull was negligent and reckless in striking Plaintiff's vehicle.

17.

Defendant Hull's negligent and reckless conduct is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

COUNT II - IMPUTED LIABILITY

18.

At the time of the subject collision, Defendant Hull was under dispatch for Defendant Swift.

19.

At the time of the subject collision, Defendant Hull was operating his vehicle on behalf of Defendant Swift.

20.

Defendant Swift is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Hull in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

4

## COUNT III - NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Defendant Swift was negligent in hiring Defendant Hull and entrusting him to drive its tractor-trailer.

22.

Defendant Swift was negligent in failing to properly train Defendant Hull.

23.

Defendant Swift was negligent in failing to properly supervise Defendant Hull.

24.

Defendant Swift's negligence in hiring Defendant Hull and entrusting him with driving a tractor-trailer commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV - DAMAGES

25.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

26.

As a result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries and has a claim for his past and future pain and suffering.

5

## COUNT V - PUNITIVE DAMAGES

### 27.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.    That Plaintiff recover his past and future medical expenses and lost wages in an amount to be proven at trial;

b.    That Plaintiff recover for his past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.    That Plaintiff recover such other and further relief as is just and proper.


                                         _/s/ Kendrick K. McWilliams, Sr.____
                                         KENDRICK K. MCWILLIAMS, SR.
                                         Georgia State Bar No. 140983
                                         Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of Gwinnett_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Quimbayo    Helberth    S

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Swift Transportation Co. of Arizona, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Hull | Tyrone | B | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Kendrick K. McWilliams, Sr.    **Bar Number** 140983    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

               Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

               Defendants.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

This is to certify that pursuant to Uniform State Court Rule 5.2, I have this

day served counsel for all parties in the above referenced action with a copy of the

following discovery:

    1.   PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR
        PRODUCTION OF DOCUMENTS TO DEFENDANTS;

by hand delivery with service of Summons and a copy of the Complaint in this action.

This 14th day of July, 2022.

                                        /s/ Kendrick K. McWilliams, Sr.
                                KENDRICK K. MCWILLIAMS, SR.
                                Georgia State Bar No. 140983
                                Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com

1

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

               Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

               Defendants.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:      Defendants by and through their counsel of record.

      Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

      In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership

1

or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Hull on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Hull from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Hull on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven

2

(including container or chassis, if applicable) by Defendant Hull on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of the bill of lading for any loads carried by Defendant Hull for the eight day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by

3

Defendant Hull, identify:

    (a)    Where the load originated;

    (b)    The contents thereof;

    (c)    The weight of said load;

    (d)    The final destination of the load; and

    (e)    Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, the policy of insurance identified in response to Interrogatory No. 9. In lieu of this, you may attach copies

4

thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff or any non-party caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any trip reports or dispatch records in regard to Defendant Hull for the two week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of all driver's logs or time cards for Defendant Hull for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119

N. McDonough Street, Decatur, Georgia 30030-3300, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Hull for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Hull on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Hull on the day of the incident referred to in the complaint for the one year period preceding

6

this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of Defendant Hull's driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

7

(n)   Drug testing records; and

(o)   Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Hull? If so, please state:

(a)   The date of testing;

(b)   Who performed the test;

(c)   Where the test was performed; and

(d)   The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Hull, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, the accident register for Defendant for the one year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant Swift or kept by Defendant Swift or Defendant Hull. In lieu of this, you may attach copies thereof to

9

your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant Swift or kept by Defendant Swift or Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip

which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Hull.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Hull at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

11

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service? If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

36.

Forty-five (45) days after service hereof, you are requested to produce for

inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Hull on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Hull by this Defendant or any outside agency since the date of Defendant Hull's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any documents regarding any training received by Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any permits or licenses regarding the tractor and trailer driven by Defendant Hull and the load transported by Defendant Hull at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this Defendant and Defendant Hull (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Hull, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date

14

of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Hull since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Hull prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Hull's date of birth, social security number and driver's license #?

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Hull on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any downloaded data from any cellphone and any cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

©      Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

17

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

19

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

63.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all footage, data and reports from the Drive Cam in the subject vehicle from the date of the accident. In lieu of

20

this, you may attach copies thereof to your answers to these interrogatories.

This 14th day of July, 2022.

_/s/ Kendrick K. McWilliams, Sr.____
KENDRICK K. MCWILLIAMS, SR.
Georgia State Bar No. 140983
Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com



## Service of Process Transmittal Summary

**TO:**    ARACELI DELEON
Swift Transportation Services, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

**RE:**    **Process Served in Georgia**

**FOR:**    Swift Transportation Co. of Arizona, LLC  (Domestic State: AZ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: HELBERTH S. QUIMBAYO // To: Swift Transportation Co. of Arizona, LLC |
| **CASE #:** | 22C03864S5 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/18/2022 at 14:37 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  ARACELI DELEON  Araceli_Deleon@swifttrans.com |
| | Email Notification, Anne Rowell  anne_rowell@swifttrans.com |
| | Email Notification, Jenelle Terwilliger  jenelle.terwilliger@mohaveinsco.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL) |
| | 106 Colony Park Drive |
| | STE 800-B |
| | Cumming, GA 30040 |
| | 888-579-0286 |
| | AffiliateTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



GEORGIA
CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
**BRAD RAFFENSPERGER**

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC** | Control Number: | **K116855** |
| Business Type: | **Foreign Limited Liability Company** | Business Status: | **Active/Compliance** |
| Business Purpose: | NONE | | |
| Principal Office Address: | **2200 S. 75th Avenue, PHOENIX, AZ, 85043, USA** | Date of Formation / Registration Date: | **9/24/1991** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2022** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **The Corporation Company (FL)** |
| Physical Address: | **106 Colony Park Dr, Suite 800-B, Cumming, GA, 30040-2794, USA** |
| County: | **Forsyth** |

Back

Filing History          Name History

Return to Business Search

IN THE STATE COURT OF GWINNETT COUNTY

FILED IN OFFICE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03864-S**
7/14/2022 3:53 PI
TIANA P. GARNER, CLER

STATE OF GEORGIA

Quimbayo, Helberth

_____

_____

_____

                    PLAINTIFF

CIVIL ACTION    22-C-03864-S5
NUMBER: _____

VS.

Swift Transportation Co. of Arizona, LLC
_____

c/o  The Corporation Company (FL)
_____

106 Colony Park Dr, Suite 800-B
_____

Cumming, GA, 30040-2794
                    DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kendrick K. McWilliams, Esq.
Hagen Rosskopf, LLC
119 N. McDonough St
Decatur, Georgia 30030-3300

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
          15th day of July, 2022

                                        Tiana P. Garner
                                        Clerk of State Court

                                    By_____
                                            **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03864-S**
7/14/2022 3:53 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

               Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

               Defendants.

CIVIL ACTION  22-C-03864-S5
FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, HELBERTH S. QUIMBAYO, Plaintiff, by and through his

undersigned counsel and files this complaint against Defendants Swift Transportation

Co. of Arizona, LLC ("Swift") and Tyrone B. Hull ("Mr. Hull") as follows:

PARTIES AND JURISDICTION

1.

Plaintiff is an adult citizen of the United States residing in Lawrenceville, Gwinnett

County, Georgia, subject to the jurisdiction of this court.

2.

Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is a foreign

corporation authorized to transact business in the State of Georgia, that may be served

through its registered agent, The Corporation Company (FL), 106 Colony Park Dr, Suite

800-B, Cumming, Forsyth County, GA, 30040-2794.

3.

Defendant Swift is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-91, 40-12-1 et seq., and § 14-2-510(c).

4.

Defendant Tyrone B. Hull is and was at the time of the incident underlying this Complaint a nonresident of the State of Georgia who may be served through the Georgia Secretary of State under the Noresident Motorist Act with a copy of the complaint sent to his residence at 2841 Bellhaven Circle, Charlotte, North Carolina 28214.

5.

Defendant Hull may also be served under the Georgia Long Arm Statute pursuant to, and as provided in, O.C.G.A. § 9-10-94.

6.

Defendant Hull is subject to the jurisdiction of this Court pursuant to O.C.G.A. §§ 9-10-91 and 40-12-1 et seq.,

7.

Venue is proper in this court as to Defendants Swift and Hull pursuant to O.C.G.A. § 40-12-3 as they were nonresidents of the State of Georgia at the time of the incident at issue.

BACKGROUND

8.

On or about June 30, 2020, Plaintiff was seated in the drivers seat of his 2001

2

Freightliner Tractor which was stationary having parked after backing into the loading docks at 704 Joe Tamplin Industrial Boulevard in Macon, Bibb County, Georgia.

9.

On or about June 30, 2020, Defendant Hull on behalf of Defendant Swift was operating his 2019 Volvo tractor-trailer negligently, recklessly and improperly while backing into the loading docks at 704 Joe Tamplin Industrial Boulevard in Macon, Bibb County, Georgia.

10.

Defendant Hull slammed into the drivers side of Plaintiff's tractor with the left rear of the intermodal container trailer he was towing with significant force damaging Plaintiff's vehicle.

11.

Plaintiff sustained severe injuries which required medical care and treatment.

12.

As a result of the collision, Plaintiff suffered severe and permanent injuries with medical bills in excess of $460,359.80.

## COUNT I - NEGLIGENCE

13.

At the time of the collision at issue, Defendant Hull was negligently and recklessly operating his Volvo tractor-trailer.

14.

Defendant Hull while operating his Volvo tractor-trailer was negligent and

3

reckless in failing to keep a proper look out for other vehicles.

15.

Defendant Hull while operating his Volvo tractor-trailer was negligent and reckless in not backing such vehicle unless such movement can be made with safety in violation of O.C.G.A. § 40-6-240 which is negligence per se.

16.

Defendant Hull was negligent and reckless in striking Plaintiff's vehicle.

17.

Defendant Hull's negligent and reckless conduct is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

COUNT II - IMPUTED LIABILITY

18.

At the time of the subject collision, Defendant Hull was under dispatch for Defendant Swift.

19.

At the time of the subject collision, Defendant Hull was operating his vehicle on behalf of Defendant Swift.

20.

Defendant Swift is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Hull in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

4

## COUNT III - NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Defendant Swift was negligent in hiring Defendant Hull and entrusting him to drive its tractor-trailer.

22.

Defendant Swift was negligent in failing to properly train Defendant Hull.

23.

Defendant Swift was negligent in failing to properly supervise Defendant Hull.

24.

Defendant Swift's negligence in hiring Defendant Hull and entrusting him with driving a tractor-trailer commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV - DAMAGES

25.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

26.

As a result of Defendant's negligence, Plaintiff has suffered severe and permanent injuries and has a claim for his past and future pain and suffering.

5

## COUNT V - PUNITIVE DAMAGES

27.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

WIEREFORE, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.      That Plaintiff recover his past and future medical expenses and lost wages in an amount to be proven at trial;

b.      That Plaintiff recover for his past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.      That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.      That Plaintiff recover such other and further relief as is just and proper.


   /s/ Kendrick K. McWilliams, Sr.
KENDRICK K. MCWILLIAMS, SR.
Georgia State Bar No. 140983
Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com

6

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of <u>Gwinnett</u>                County

| For Clerk Use Only |
|---|
| Date Filed _____                 Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**

| Quimbayo | Helberth | S | | |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

Swift Transportation Co. of Arizona, LLC

| Hull | Tyrone | B | | |
|---|---|---|---|---|
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** <u>Kendrick K. McWilliams, Sr.</u>      **Bar Number** <u>140983</u>      **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____         _____
         **Case Number**                          **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                     **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

                  Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

                  Defendants.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

This is to certify that pursuant to Uniform State Court Rule 5.2, I have this

day served counsel for all parties in the above referenced action with a copy of the

following discovery:

      1.  PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR
           PRODUCTION OF DOCUMENTS TO DEFENDANTS;

by hand delivery with service of Summons and a copy of the Complaint in this action.

This 14th day of July, 2022.

                                  /s/ Kendrick K. McWilliams, Sr.
                              KENDRICK K. MCWILLIAMS, SR.
                              Georgia State Bar No. 140983
                              Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com

1

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

                Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

                Defendants.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:      Defendants by and through their counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership

1

or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Hull on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Hull from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Hull on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven

2

(including container or chassis, if applicable) by Defendant Hull on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any lease, employment contract, or any other documents regarding the employment status of Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of the bill of lading for any loads carried by Defendant Hull for the eight day period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by

3

Defendant Hull, identify:

    (a)     Where the load originated;

    (b)     The contents thereof;

    (c)     The weight of said load;

    (d)     The final destination of the load; and

    (e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, the policy of insurance identified in response to Interrogatory No. 9. In lieu of this, you may attach copies

4

thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff or any non-party caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any trip reports or dispatch records in regard to Defendant Hull for the two week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of all driver's logs or time cards for Defendant Hull for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119

N. McDonough Street, Decatur, Georgia 30030-3300, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Hull for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Hull on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Hull on the day of the incident referred to in the complaint for the one year period preceding

6

this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of Defendant Hull's driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

7

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Hull? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Hull, please state the reasons such testing did not occur.

8

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, a copy of any post-accident report. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, the accident register for Defendant for the one year period preceding the subject accident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant Swift or kept by Defendant Swift or Defendant Hull. In lieu of this, you may attach copies thereof to

9

your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant Swift or kept by Defendant Swift or Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip

10

which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Hull.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Hull at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any document concerning any violation identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service? If so, please state for each instance.

(a)     The dates of disqualification; and

(b)     The reason for the disqualification

36.

Forty-five (45) days after service hereof, you are requested to produce for

12

inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Hull on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Hull by this Defendant or any outside agency since the date of Defendant Hull's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any documents regarding any training received by Defendant Hull. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any permits or licenses regarding the tractor and trailer driven by Defendant Hull and the load transported by Defendant Hull at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this Defendant and Defendant Hull (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Hull, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date

14

of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs? If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Hull since the commencement of said driver's employment with this Defendant up and through the date of trial. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Hull prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Hull's date of birth, social security number and driver's license #?

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Hull on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, copies of any downloaded data from any cellphone and any cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

©     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

17

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

18

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of  Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

19

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

63.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Hagen Rosskopf, LLC, 119 N. McDonough Street, Decatur, Georgia 30030-3300, all footage, data and reports from the Drive Cam in the subject vehicle from the date of the accident. In lieu of

20

this, you may attach copies thereof to your answers to these interrogatories.

This 14th day of July, 2022.

                                              /s/ Kendrick K. McWilliams, Sr.
                                              KENDRICK K. MCWILLIAMS, SR.
                                              Georgia State Bar No. 140983
                                              Attorney for the Plaintiff

Hagen Rosskopf, LLC
119 N. McDonough Street
Decatur, Georgia 30030
(404) 522-7553
(404) 522-7744
Kendrick@hagen-law.com



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

IN THE STATE COURT OF GWINNETT COUNTY DEC 28 PM 4: 45

STATE OF GEORGIA

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number: **21 C 09111 - 4**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _28th_ day of _December_, 20 _21_.

_Ronda C. Leary_
Ronda Colvin Leary (Dec 28, 2021 11:47 EST)

Presiding Judge
Gwinnett County State Court

Applicant:

Name _Sally K. Cunningham_

Address _P.O. Box 5784_
_Douglasville, GA 30154_
_770-351-7672_

IN THE STATE COURT OF GWINNETT COUNTY

CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-03864-S**
7/14/2022 3:53 PI
TIANA P. GARNER, CLER

STATE OF GEORGIA

**Quimbayo, Helberth**

CIVIL ACTION   22-C-03864-S5
NUMBER:_____

PLAINTIFF

VS.

Swift Transportation Co. of Arizona, LLC

c/o   The Corporation Company (FL)

106 Colony Park Dr, Suite 800-B

Cumming, GA, 30040-2794

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kendrick K. McWilliams, Esq.
Hagen Rosskopf, LLC
119 N. McDonough St
Decatur, Georgia 30030-3300

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
15th day of July, 2022

Tiana P. Garner
Clerk of State Court

By_____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03864-S5**
**8/12/2022 1:11 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

      Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL,

      Defendants.

CIVIL ACTION
FILE NO. 22-C-03864-S5

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Defendant Swift") and Defendant TYRONE B. HULL ("Defendant Hull") (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, and answer Plaintiff HELBERTH S. QUIMBAYO's ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint against the Defendants is barred by the applicable statute of limitations; therefore, Plaintiff's Complaint against the Defendants should be dismissed.

### SECOND DEFENSE

Service of process is insufficient as to the Defendants; therefore, Plaintiff's Complaint against the Defendants should be dismissed.

### THIRD DEFENSE

Venue is improper in this Court; therefore, Plaintiff's Complaint against the Defendants should be dismissed or transferred to the appropriate county.

### FOURTH DEFENSE

Defendants answer the numbered paragraphs of the Complaint as follows:

PARTIES AND JURISDICTION

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit that Defendant Hull is a resident of the State of North Carolina and may be served with a copy of the Summons and Complaint pursuant to the laws of the State of Georgia. Defendants also admit that Defendant Hull resides at 2841 Bellhaven Circle, Charlotte, North Carolina 28214. The remaining allegations contained in paragraph 4 of Plaintiff's Complaint are denied.

5.

Defendants admit that Defendant Hull may be served with a copy of the Summons and Complaint pursuant to all laws of the State of Georgia. The remaining allegations contained in paragraph 5 of Plaintiff's Complaint are denied.

6.

Defendants admit that Defendant Hull will be subject to the jurisdiction of this Court as soon as he is properly served with the Summons and Complaint in this case. The remaining allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7.

Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

BACKGROUND

8.

Defendants admit that on or about June 30, 2020, Plaintiff was in his freightliner tractor which was parked at the loading dock at 704 Joe Taplin Industrial Boulevard, Macon, Bibb County, Georgia.  The remaining allegations contained in paragraph 8 of Plaintiff's Complain are denied.

9.

Defendants admit that on or about June 30, 2020, Defendant Hull was operating his tractor-trailer and backing into the loading docks.  The remaining allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendants admit that Defendant Hull's trailer made slight contact with Plaintiff's tractor. The remaining allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

11.

Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

COUNT I – NEGLIGENCE

13.

Defendants admit that Defendant Hull was responsible for the accident when he backed his tractor-trailer and made slight contact with Plaintiff's tractor.  The remaining allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14.

Defendants admit that Defendant Hull was responsible for the accident when he backed his tractor-trailer and made slight contact with Plaintiff's tractor.  The remaining allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15.

Defendants admit that Defendant Hull was responsible for the accident when he backed his tractor-trailer and made slight contact with Plaintiff's tractor.  The remaining allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

16.

Defendants admit that Defendant Hull was responsible for the accident when he backed his tractor-trailer and made slight contact with Plaintiff's tractor.  The remaining allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

COUNT II – IMPUTED LIABILITY

18.

Defendants admit that at the time of the accident, Defendant Hull was operating his tractor-trailer in the furtherance of business with Defendant Swift.  The remaining allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19.

Defendants admit that at the time of the accident, Defendant Hull was operating his tractor-trailer in the furtherance of business with Defendant Swift.  The remaining allegations contained in paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendants admit that at the time of the accident, Defendant Hull was operating his tractor-trailer in the furtherance of business with Defendant Swift.  The remaining allegations contained in paragraph 20 of Plaintiff's Complaint are denied.

COUNT III – NEGLIGENT IIRING *{SIC}*, TRAINING & SUPERVISION

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

COUNT IV – DAMAGES

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

COUNT V – PUNITIVE DAMAGES

27.

Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

## FIFTH DEFENSE

All allegations contained in Plaintiff's Complaint not specifically admitted or denied hereinabove are now generally denied by Defendants. Further, Defendants deny the allegations in the WHEREFORE clause and/or Prayer at the end of Plaintiff's Complaint.

WHEREFORE, having responded to Plaintiff's Complaint, Defendants pray the Court as follows:

(1)     That Plaintiff's Complaint be dismissed with prejudice;

(2)     That all issues of fact be tried by a jury of twelve (12);

(3)     That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for Defendants' attorneys; and

(4)     For such and further relief as the Court deems just and proper.

Respectfully submitted, this 12th day of August, 2022.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

Kendrick K. McWilliams, Sr.
Hagen Rosskopf, LLC
119 North McDonough Street
Decatur, GA 30030
*Attorney for Plaintiff*

This 12th day of August, 2022.

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
For the Firm

15272

15272

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03864-S5**
**8/12/2022 1:11 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

HELBERTH S. QUIMBAYO,

    Plaintiff,

v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC and TYRONE B. HULL

    Defendants.

CIVIL ACTION
FILE NO.:  22-C-03864-S5

## **DEFENDANTS' DEMAND FOR TRIAL BY JURY OF TWELVE**

COME NOW, Defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC and

TYRONE B. HULL, by and through the undersigned attorney of record, and hereby request and

demand that all issues of fact be tried by a jury of twelve (12) in this civil action.

Respectfully submitted, this 12th day of August, 2022.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
Georgia Bar No. 430472
SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: rjk@mkblawfirm.com
Email: swz@mkblawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I have electronically filed the **DEFENDANTS'**

**DEMAND FOR TRIAL BY JURY OF TWELVE** with the Clerk of the Court using the Odyssey

e-Filing system, which will automatically send a notification attaching same thereon to the

following counsel of record:

Kendrick K. McWilliams, Sr.
Hagen Rosskopf, LLC
119 North McDonough Street
Decatur, GA 30030
*Attorney for Plaintiff*

This 12th day of August, 2022.

*/s/ Raymond J. Kurey*
RAYMOND J. KUREY
For the Firm

15272